IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARD ACTIVATION TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> OFFICEMAX INCORPORATED, <br><br> Defendant. | No. 07 CV 2409 <br><br> Honorable Judge Amy J. St. Eve |

## AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER

By agreement of the parties, defendant OfficeMax Incorporated ("OfficeMax") hereby moves for entry of the attached Agreed Protective Order. In support of this motion, OfficeMax states as follows:

1. The parties are sharing information as part of settlement discussions.

2. The parties respectfully request that the Court enter the attached, proposed Agreed Protective Order to facilitate this sharing of information. To the extent settlement is unsuccessful, this proposed Order will govern the exchange of information in discovery.

WHEREFORE, OfficeMax, by agreement with plaintiff Card Activation Technologies, Inc., respectfully requests entry of the attached Order.

Dated: October 17, 2007

Respectfully submitted by,

OFFICEMAX INCORPORATED

/s/ Eric D. Brandfonbrener
One of its attorneys

Eric D. Brandfonbrener
Douglas L. Sawyer
Perkins Coie LLP
131 South Dearborn, Suite 1700
Chicago, IL 60603-5559
Telephone: (312) 324-8400
Facsimile: (312) 324-9400

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARD ACTIVATION TECHNOLOGIES, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>OFFICEMAX INCORPORATED,<br><br>　　　　　　Defendant. | Case No. 07 CV 2409<br><br>Judge Amy J. St. Eve<br><br>Magistrate Judge Martin C. Ashman |

## AGREED PROTECTIVE ORDER

Whereas Card Activation Technologies, Inc. ("CAT") has filed claims against OfficeMax Incorporated ("OfficeMax") (collectively, the "Parties");

Whereas the Parties are engaged in settlement discussions and discovery which will involve the disclosure of confidential, trade secret, proprietary, technical, business and financial information, which information is subject to protection under the applicable state trade secret law or otherwise;

Whereas, the Parties seek to preserve their privacy and property interests in such information, as well as the privacy and property interests of third-parties from whom a party may seek information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that the party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record and that either party and any interested member of the public can challenge any designation of confidentiality pursuant to this protective order;

Whereas, the Parties represent that their counsel are familiar with trade secret law and the Parties and counsel will act in good faith in designating records pursuant to the protections provided by this protective order; and

Whereas, the Parties to this Agreed Protective Order agree to be bound by its terms with respect to documents and information shared pursuant to it regardless of whether the Order in fact is entered by the Court (or another court should the case or a portion of it be filed in another court) (to the extent a court does not enter the Agreed Protective Order as drafted, the parties agree to comply with its terms with respect to information provided prior to the Court's action, unless otherwise agreed by all Parties to this Agreed Protective Order).

Whereas the Parties hereto are engaged in discovery which will involve the disclosure by these parties, of confidential, trade secret, proprietary, technical, business and financial information, which information is subject to protection under the applicable state trade secret law or otherwise; and

Accordingly, it is hereby ordered as follows:

1. As used herein:

    a. "Document" means any written, printed, typed, graphic, electronic or otherwise recorded matter of any kind, however produced or reproduced, including but not limited to:

        i. all originals, nonidentical copies, intermediate drafts and revisions of any written matter; and

        ii. all deposition transcripts, exhibits, affidavits, interrogatories, answers to interrogatories or other litigation materials;

    b. "Confidential Information" means trade secret or other sensitive or proprietary non-public information, regardless of whether in a Document, electronically stored or orally communicated, and includes all information extracted from Documents containing such trade secret or other sensitive

   or proprietary non-public information and includes information or documents that contain or refer to trade secrets or other confidential information and that, if disclosed to a business competitor or other party, would tend to damage the disclosing party's competitive position or violate a non-disclosure agreement.

  c. "Attorneys Eyes Only Information" as used herein means Confidential Information that the producing party believes in good faith is so sensitive that it may be disclosed only to those persons listed in paragraph 7 below.

  d. "Person" means an individual, corporation, partnership, association, unincorporated organization, governmental entity, quasi-governmental entity or any other entity, including, without limitation, each party to this action, experts and consultants for any Party;

  e. "Party" or "Parties" means the parties to the above-captioned litigation, individually and collectively, and includes their officers, employees, and attorneys and their parents and affiliates and their officers, employees, and attorneys;

  f. "Produce" means providing documents or information to a party whether pursuant to settlement discussions or in response to discovery requests;

  g. "Disclose" means to furnish, divulge, reveal, describe, summarize, paraphrase, quote, transmit or otherwise communicate documents or information received from any other party or third-party witness to any other person or party, whether voluntarily or involuntarily, whether

               pursuant to request, interrogatory or process, and whether pursuant to the Federal Rules of Civil Procedure or otherwise;

      h.     The "Litigation" refers to the above-captioned litigation;

      i.     "Expert" refers to a person retained or specially employed by a Party to assist in preparation for trial or to testify at trial of this Litigation. The term also includes all employees of such person.

      j.     "Third Party" refers to any Person who Produces information as part of this Litigation, whether pursuant to Subpoena or otherwise.

    2.     Any Document that a Party or Third Party Produces or information that a Party or Third Party Discloses in the course of the Litigation, whether voluntarily or in response to an order of this Court, which the producing or disclosing counsel for a party believes in good faith contains or reflects Confidential Information or Attorneys' Eyes Only Information may be so designated by that party and shall be governed by the provisions of this Protective Order. To be afforded protections pursuant to this Protective Order, all such Confidential Information or Attorneys' Eyes Only Information shall be designated as follows: if in tangible form, by stamping each page thereof which contains information the party wishes to protect, or labeling the disk containing such information, with the words, as appropriate, "CONFIDENTIAL," "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," "ATTORNEYS' EYES ONLY" or "ATTORNEYS' ONLY: SUBJECT TO PROTECTIVE ORDER;" or if in non-tangible form, by stating on the record at the deposition or at time of disclosure (or by so designating any transcript made within 30 days of the receipt by the parties) that the statements or testimony contains Confidential Information or Attorneys' Eyes Only Information, pursuant to this Agreed Protective Order or, if at a hearing before the Court, by requesting the Court to designate that

portion of the transcript that contains Confidential Information or Attorneys' Eyes Only Information as protected pursuant to this Protective Order.

    3.    Confidential Information designated as Confidential or for Attorneys' Eyes Only, including any information contained therein or extracted therefrom, shall be treated as Confidential or for Attorneys' Eyes Only and shall be used only for the purposes of the settlement, prosecution or defense of this Litigation, subject to the terms of this Protective Order. Persons to whom any Confidential or for Attorneys' Eyes Only material or information contained therein or derived therefrom is disclosed under the circumstances set forth above shall not disclose any such material to any other person unless permitted by this Protective Order.

    4.    If a designating party inadvertently omits to designate Confidential Information as Confidential or for Attorneys' Eyes Only, that party shall notify the other parties that such documents or information should be treated as though it were properly marked in accordance with this Protective Order, and the Parties in possession of such documents and information shall treat them or it accordingly. Parties in possession of such documents will also make reasonable efforts to retrieve the newly designated material that had been sent to persons who do not have access to the material under the newly requested designation. Provided these reasonable efforts are made, no Party shall be liable for disclosure of a document or information not marked as Confidential or for Attorneys' Eyes Only before receiving notice of its confidentiality. Inadvertent disclosure or misdesignation will not be deemed a waiver of confidentiality or level or confidentiality.

    5.    All Confidential Information designated as Confidential or for Attorneys' Eyes Only and any transcript, chart, brief, affidavit, exhibit, or other document containing any such Confidential Information which a party hereto wishes or is required to file in connection with

this Litigation, but only such portion of any such filing, shall be filed with Clerk of the Court in a sealed envelope or other sealed container with a cover sheet disclosing the following, consistent with LR5.8. (Filing Materials Under Seal):

    (A)    the caption of the case, including the case number;

    (B)    the title "Restricted Document Pursuant to LR26.2";

    (C)    a statement indicating that the document is filed as restricted in accordance with an order of court and the date of that order; and

    (D)    the signature of the attorney of record or unrepresented party filing the document.

The party shall include a notice to the Clerk and the other parties that such document contains information that is subject to the terms of this Protective Order. All such documents shall be maintained by the Clerk separate from the public records in this action and shall not be released or made public except upon further Order of the Court.

    6.    Subject to the use restrictions and notification requirements set forth herein, Confidential Information produced or disclosed by a party pursuant to this Agreed Protective Order and which is designated as "Confidential" may be disclosed only to the following Persons, and in the manner described below:

    a.    Any Party, including employees of any Party but only to the extent that, and for the time during which, such disclosure is necessary to assist in the conduct of this Litigation.

    b.    Outside counsel of record representing a Party hereto in this Litigation and their partners, associates and support staff, including but not limited to

>
> stenographic, paralegal and clerical employees to whom disclosure is deemed necessary by said counsel of record;
>
> c.　Any non-party expert who is consulted or retained by a Party or its counsel in order to assist in the conduct of this Litigation including without limitation accountants and economists, but only to the extent that, and for the time during which, such disclosure is necessary for the performance of such assistance; provided however that the requirements of Paragraph 21 are complied with first;;
>
> d.　This Court (using the procedures specified herein);
>
> e.　Outside contractors and their employees performing one or more litigation support aspects of organizing, filing, coding, converting, storing, copying or retrieving data or otherwise providing computerized litigation support to any Party;
>
> f.　Court reporters transcribing, and videographers recording, a deposition or hearing at which the document or information is disclosed; and
>
> g.　Any deponent in this action (who is not otherwise within one of the above categories) and to whom it is necessary to disclose Confidential Information for the purpose of his or her deposition, provided however *before* such disclosure is made, each of the following conditions must be met: (1) any such person to whom disclosure is to be made has been given a copy of this Agreed Protective Order and has signed a copy of the Confidentiality Agreement attached hereto as Exhibit A; (2) notice (either oral or written) has been provided to the other Party(ies) of the specific

information to be given a particular deponent; and (3) the producing party consents or such disclosure is ordered by the Court. If notice of the disclosure is made at the deposition immediately before the proposed disclosure is to be made, in addition to the other requirements, all Parties must consent to the disclosure (to prevent surprise).

7. Confidential Information designated as for "Attorneys' Eyes Only" shall be disclosed only to the following persons, and in the manner described below:

   a. Outside counsel of record representing a Party hereto in this Litigation and their partners, associates and support staff, including but not limited to stenographic, paralegal and clerical employees to whom disclosure is deemed necessary by said counsel of record;

   b. In-house counsel as needed to supervise the Litigation and legal department employees to whom disclosure is deemed necessary by said in-house counsel;

   c. Any non-party expert who is consulted or retained by a Party or its counsel in order to assist in the conduct of this Litigation including without limitation accountants and economists, but only to the extent that, and for the time during which, such disclosure is necessary for the performance of such assistance; provided however that the requirements of Paragraph 21 are complied with first;

   d. This Court (using the procedures specified herein);

   e. Outside contractors and their employees performing one or more litigation support aspects of organizing, filing, coding, converting, storing, copying

        or retrieving data or otherwise providing computerized litigation support to any Party;

    f.    Court reporters transcribing, and videographers recording, a deposition or hearing at which the document or information is disclosed; and

    g.    Any deponent in this action (who is not otherwise within one of the above categories) and to whom it is necessary to disclose Attorneys Eyes Only Information for the purpose of his or her deposition, provided however *before* such disclosure is made, each of the following conditions must be met: (1) any such person to whom disclosure is to be made has been given a copy of this Agreed Protective Order and has signed a copy of the Confidentiality Agreement attached hereto as Exhibit A; (2) notice (either oral or written) has been provided to the other Party(ies) of the specific information to be given a particular deponent; and (3) the producing party consents or such disclosure is ordered by the Court. If notice of the disclosure is made at the deposition immediately before the proposed disclosure is to be made, in addition to the other requirements, all Parties must consent to the disclosure (to prevent surprise).

8.    In the case of disclosures to specific persons other than those covered by paragraphs 6 and 7 above, the disclosure of Confidential Information designated as "Confidential" or for "Attorneys' Eyes Only" may be made only upon seven business days advance notice in writing to the party which designated the material pursuant to this Protective Order, so as to provide the designating party with an opportunity to object to the proposed disclosure and to take appropriate precautions. The notice of intent to disclose shall contain the

name, title, and business address of the person to whom the information is proposed to be disclosed, a description of the documents and/or information to be disclosed, and the reason for the disclosure. Documents and information shall be disclosed to such person(s) only if the designating party consents in writing to the proposed disclosure. If an objection to disclosure is received or the designating party does not consent to disclosure, the party seeking the disclosure may then apply to the Court for an order permitting disclosure. Nothing in this paragraph shall prevent the party objecting to the disclosure from filing a motion opposing the disclosure or shall prevent the parties from agreeing that the matter may be brought before a court in any other manner. Regardless of which party is the moving party, the party refusing permission for disclosure will bear the burden of justifying the protection. If the parties are unable to resolve the matter informally, the intended disclosure shall not be made until the matter is resolved by a court.

9. Nothing in this Agreed Protective Order will be construed as preventing a party from opposing a designation of materials made pursuant to this Order. Acceptance by a party of any information, document, or thing designated as "Confidential" or "Attorneys' Eyes Only" will not constitute a concession that the information, document or thing is confidential or otherwise appropriately designated. Similarly, failure to object to a designation will not constitute an admission that the material was properly designated.

10. A party wishing to object to a designation made pursuant to this Agreed Protective Order will serve a written objection, including a statement of the grounds for the objection, on the Parties, and to the extent the designating party was a Third Party, on such party. Following service of the written objection, the designating party has fourteen days from the receipt of the objection to modify or withdraw the designation(s) at issue. If the designation is

not modified or withdrawn within that fourteen day period, the objecting party may move the Court for an order modifying or removing the designation(s). Any party may move the Court for an order confirming the designation at any time after receipt of service of the objection. Regardless of which party is the moving party, the designating party will bear the burden of proof to justify the disputed designation. If the parties are unable to resolve the matter informally, the intended disclosure shall not be made until the matter is resolved by a court.

11. Upon a motion of a party to this Protective Order, a court of competent jurisdiction may at any time examine and review in camera any document governed by the terms of this Protective Order.

12. In the event that a Person subject to this Agreed Protective Order receives any subpoena or other legal process relating to Confidential or for Attorneys' Eyes Only documents or information received pursuant to this Protective Order, such Person shall be obligated to provide notice to the party who produced such documents or information and shall object to the production of such records or information unless directed otherwise by the producing party. Thereafter, unless otherwise agreed by the party producing the documents or information, the party receiving the subpoena may only produce any Confidential or Attorneys' Eyes Only information requested by subpoena only if specifically so ordered by the court from which the subpoena was issued, after notice has been provided to all counsel of record.

13. The final determination or settlement of the Litigation shall not relieve any person who has received Confidential or for Attorneys' Eyes Only material from the obligations imposed by this Protective Order. Within fourteen days following the final determination or settlement, all such information in the possession of a Party shall be returned to the producing party or, to the extent it contains attorney work product, such information shall be destroyed and

counsel shall certify to its destruction. Each Party and its outside counsel will be responsible for retrieving and destroying all designated materials provided to consultants, experts, and other outside assistants. By agreement among the Parties, outside counsel for a Party may retain documents or information designated "Confidential" or "Attorney's Eyes Only" to the extent that the designated document or information comprises or is included in: pleadings; court filings; correspondence; demonstratives and exhibits used in court; court transcripts; written discovery responses; expert reports; and attorney notes or drafts.

14. This Agreed Protective Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of documents or information and to the use, relevance or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Protective Order.

15. Nothing in this Agreed Protective Order shall limit the right of a Party to use any document or information derived therefrom at a hearing or trial of the merits of the Litigation, nor does this Order limit the right of any party or person to seek from a court Confidential treatment or other limited disclosure of any document or information derived therefrom.

16. If any designated material is inadvertently disclosed to any person other than as authorized by this Protective Order, the Party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party. The Party learning of the disclosure will make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part, and will also make every reasonable effort to prevent further use and disclosure on the part of the unauthorized recipient of such information or material.

17.     If information, including without limitation any computerized media, subject to a claim of attorney-client privilege, work product or any other privilege or immunity is nevertheless inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of the privilege or immunity.  If a claim of inadvertent production is made with respect to information then in the custody of another party, such other party shall promptly return the original and all copies of the information to the producing party.  The recipient of such inadvertent production shall not use such information for any purpose other than in connection with a motion to compel, which shall be filed under seal, provided that the fact of inadvertent production may not be argued in support of such a motion.  The party claiming the privilege or immunity will bear the burden of establishing the applicability of that privilege or immunity.

18.     In the event that a party produces computerized media, including without limitation hard drives, diskettes, CD-ROMs, DVDs, and other media, that contains information subject to a claim of attorney-client privilege, work product or any other ground on which production of such information should not be made, the producing party may produce a copy of such computerized media without the protected information, provided, however, that counsel for the producing party maintains an unaltered electronic copy of such information that will be available for review by an appropriate third-party expert if needed, and, at the time of production, provides a written log to the non-producing party containing sufficient information to allow the non-producing party to evaluate the appropriateness of all such redactions.  In no event shall any party, including without limitation any of their attorneys, agents, experts, or consultants, use for this Litigation or any other purpose any information contained on any computerized media that is subject to a claim of attorney-client privilege or work product.  This

prohibition encompasses any emails or other electronic communications between or among any party and its attorneys.

19. This Agreed Protective Order will not prejudice the rights of any Party to oppose production of any information on grounds other than confidentiality.

20. This Court shall retain jurisdiction after final determination or settlement of this action to enforce or modify the provisions of this Agreed Protective Order unless jurisdiction over this Litigation is transferred by order or agreement to another court, in which case this Court shall retain jurisdiction until such other court has assumed jurisdiction over this matter and entered an order identical to this Order or in a form agreeable to all parties. All disputes concerning the designation of documents or other information as protected pursuant to this Order may be brought before this Court or such other court to the extent jurisdiction over this Litigation has been transferred (a) upon proper notice and (b) after a good faith effort to resolve such disputes has been made. Any party may, on notice, move this Court or such other court to the extent jurisdiction over this Litigation has been transferred for relief from, or modification of, any of the provisions of this Protective Order.

21. Any Party proposing to disclose Confidential Information designated as Confidential or for Attorneys' Eyes Only to a non-party expert or consultant retained by a Party or its counsel to assist in the conduct of this Litigation shall, before disclosing the Confidential Information, provide such person with a copy of this Agreed Protective Order and require him or her to sign a copy of the Confidentiality Agreement attached hereto as Exhibit A, thereby agreeing to be bound by the terms of this Order. Counsel for a Party shall maintain all such signed Confidentiality Agreements and shall, upon agreement of the Parties or as directed by the

Court, provide copies of such Agreements to the other Party, including at the conclusion of the case.

Dated: October 17, 2007

Card Activation Technologies, Inc.          OfficeMax Incorporated

/s/ Mark D. Roth                             /s/Eric D. Brandfonbrener

| Keith H. Orum | Eric D. Brandfonbrener |
| Mark D. Roth | Douglas L. Sawyer |
| ORUM & ROTH, LLC | PERKINS COIE LLP |
| 53 W. Jackson Blvd. | 131 South Dearborn Street |
| Suite 1616 | Suite No. 1700 |
| Chicago, IL 60604 | Chicago, Illinois 60603 |
| (312) 922-6262 | Phone: (312) 324-8400 |
| Fax: (312) 922-7747 | Fax: (312) 324-9400 |

Dated: October __, 2007

_____
U.S. District Court Judge

15

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARD ACTIVATION TECHNOLOGIES, INC., <br>                Plaintiff, <br><br> v. <br><br> OFFICEMAX INCORPORATED, <br><br>                Defendant. | Case No. 07 CV 2409 <br><br> Judge Amy J. St. Eve <br><br> Magistrate Judge Martin C. Ashman |

**CONFIDENTIALITY AGREEMENT**

      I, _____, have read and understood the Agreed Protective Order entered in the above-captioned action and hereby agree to be bound by its terms and provisions.

_____

Dated: _____

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER was served this 17th day of October, 2007 upon the following attorneys for Plaintiff by the Court's electronic filing system:

Keith H. Orum
Mark D. Roth
Orum & Roth
53 W. Jackson, Suite 1616
Chicago, Illinois 60604

/s/ Eric D. Brandfonbrener